## Case No. 8,744a.

### McDANIEL v. MILAM.

[Hempst. 274.] [1]

Superior Court, Territory of Arkansas. July, 1835.

STATUTE OF LIMITATIONS—LAPSE OF TIME—EVIDENCE OF RESIDENCE.

Appeal from Hempstead circuit court.

[This was an action at law by George McDaniel against Benjamin R. Milam to enforce the payment of a note. From a decree of the court below in favor of defendant, plaintiff appealed.]

Before JOHNSON and YELL, JJ.

YELL, J. On the 24th day of December, 1819, the defendant executed his note to plaintiff for the sum of one hundred dollars, due and payable in all the month of April next after the date of said note, at Natchitoches, in Louisiana, and on the 20th day of August, 1833, a summons was sued out on said obligation, and at the October term, 1833, it was returned not executed, and an alias summons was ordered and returned executed on the third day of January, 1834. The defendant, among other things, relied on the statute of limitations of five years, which was plead. The plaintiff replied that the defendant, by his removal out of the United States, to parts unknown, defeated the bringing of the action in five years after the cause of action accrued; to which the defendant replied that he did not defeat the bringing of the action aforesaid, in five years, as the plaintiff has alleged, upon which the plaintiff joined issue. Neither party requiring a jury, the cause was submitted to the court upon the testimony as appeared in the bill of exceptions.

E. S. Williams, a witness, stated in substance that he became acquainted with defendant Milam in June, 1820, in New Orleans. Defendant remained there until January, 1821, and then went to Mexico, remained there about two years, and returned again to New Orleans and remained a few days, and then went to Kentucky on a visit and remained there about two months, and again returned to New Orleans, where he remained a few days, and went again to Mex-

ico and remained there several months, and again returned to the United States, and has since then been in Louisiana, frequently passing back and forth from there to Arkansas and Texas. He stated that the defendant could not have been esteemed a citizen particularly of any place. At the time the witness first knew him, he stayed most of his time in New Orleans, and lived at a boarding-house. He believed defendant did not reside at Natchitoches. Had heard him, Milam, say he went to New Orleans in 1819, and traded from thence to the West Indies. The defendant first settled in Arkansas eight years ago last fall. Witness further stated that Milam was in Natchitoches every year after his return from Mexico, as often as once or twice a year.

Upon this evidence the court rendered a judgment in favor of the defendant, from which the plaintiff appealed to this court.

Without going at large into the grounds upon which this judgment was rendered for the defendant, which admits of ample vindication, we are of opinion that the lapse of time, in the present case, is a bar to the plaintiff's recovery. We therefore affirm the judgment of the court below. Judgment affirmed.